UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JANE DOE,

                            Plaintiff,

                           -against-

CITY OF NEW YORK; New York City Department of Corrections Officer FIGUEROA, in his individual capacity, New York City Department of Corrections Officer PEARON/PARSON, in his individual capacity,

                            Defendants.
------------------------------------------------------------------ x

15-CV-9137 (JGK)

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY**

Plaintiff Jane Doe ("Doe") hereby moves the Court to proceed anonymously by means of the pseudonym Jane Doe reflected in the caption of this motion or, in the alternative, to seal this case.

**BACKGROUND**

Doe was raped by Defendant Figueroa while being held at Rose M. Singer Center ("RMSC"), the all-female section of Rikers Island Correctional Facility ("Rikers"). While being transported from court to RMSC by two male correctional officers, one of the officers raped Plaintiff on the bus while the other correctional officer failed to intervene despite his awareness that the rape was occurring in the back of the vehicle. See Compl.

Doe continues to be in the custody of the New York Department of Corrections ("NYCDOC"). Thus, Doe is at risk of reprisals at the hands of the involved NYCDOC

1

officers to the extent that there is potential that any one of them finds her under their charge. Doe is also fearful that she may experience reprisals by the hands of other NYCDOC officers who may learn about the litigation through their colleagues and who wish to retaliate against Doe out of a misguided solidarity with the Defendants in this action.

**ARGUMENT**

Doe respectfully requests that the Court grant her motion to proceed anonymously or, in the alternative, that the Court seal the record in this matter. Simultaneously with the filing of this motion, Doe filed a complaint against Figueroa, Pearson/Parson and Henry pursuant to 42 U.S.C. 1983, alleging violations of her Fourth, Fifth, Eighth and Fourteenth Amendment rights. Doe seeks to proceed anonymously in this litigation to disassociate herself from the lurid details of the abuse inflicted upon her by Defendant Figueroa and thus to protect herself from potential retaliation for filing this lawsuit.

Permitting Doe to proceed anonymously will not prejudice the City or Defendants. Nor is permitting Doe to proceed anonymously detrimental to the public interest. On the contrary, the public interest is better served by an adjudication of systemic sexual abuse tolerated, if not tacitly encouraged, by the City, than by requiring this individual victim to proceed with her full name, an approach that tends to discourage her and other victims' willingness to come forward.

**Legal Standard**

Although it is true that Federal Rule of Civil Procedure ("FRCP") 10(a) requires that "[t]he title of [a] complaint . . . name all the parties," courts have discretion to allow a plaintiff to proceed anonymously where the plaintiff's need for privacy outweighs the public's interest in knowing her identity and any prejudice to the defendant. See Fed. R. Civ. P. 10(a); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit has articulated a list of factors relevant to this analysis:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 190 (citations omitted). Each of the Sealed Plaintiff factors which are applicable to this case—the first, second, fourth, fifth, sixth, seventh and eighth—argue in favor of granting Doe's motion to proceed anonymously.

**Doe's Interest (Sealed Plaintiff Factors One, Two And Four)**

Doe has a strong interest in not being associated with the graphic details of Defendant Figueroa's rape and sexual abuse. See Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (observing that sexual assault victims are a "paradigmatic example of those entitled to a grant of anonymity" in order to protect their personal privacy); see also Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001) (stating that generally cases involving abortion meet the "highly sensitive personal matter" aspect of the test); Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties or witnesses."). If Plaintiff is not permitted to proceed anonymously, she faces the possibility of press reports about this case that includes her names, and may be forced to relive the graphic details of her abuse, not only in the context of this litigation, but every time someone searches her name on the internet. Doe already suffers emotional distress as a result of Defendant Figueroa's rape, and disclosure of her identity is likely to exacerbate her symptoms. See Kolko, 242 F.R.D. at 196-97 (granting the plaintiff's request to proceed anonymously where there was evidence that emotional or psychological harm would result from disclosure of the plaintiff's identity). There is no indication here that Doe's anonymity has already been compromised in any way. See Andersen v N. Shore Long Island Jewish Healthcare Sys. Zucker Hillside Hosp., 2013 WL 784344, at *4 (E.D.N.Y. Mar. 1, 2013) (citing caselaw for the proposition that a "plaintiff's interest in anonymity is weaker where anonymity has already been compromised").

Further, Plaintiff is at risk of severe retaliation from the same correction officers involved in this litigation as a result of their appearance as named defendants in this

4

action.  Plaintiff remains in DOC custody, well within the power of the correction officers, and at risk of severe physical and psychological harm.  See Plaintiffs 1-21 v. Cnty. of Suffolk, -- F. Supp. 3d --, 2015 WL 6064542, at *5-6 (E.D.N.Y. Oct. 14, 2015) (finding that the illegal immigrant plaintiffs' allegations of unconstitutional acts, if true, established the reasonableness of the plaintiffs' fears of retaliation); Doe v. Smith, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999) ("[C]ourts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case."); cf. Doe v. Delta Airlines, Inc., -- F.R.D. --, 2015 WL 5781215, at *4 (S.D.N.Y. Oct. 2, 2015) (finding that the plaintiff, who had allegedly been taken off of a flight for being inebriated, did not satisfy the retaliation prong of Sealed Plaintiff because the plaintiff did not claim that she would risk physical harm or retaliation for going public with the related claim).

Finally, the fact that Doe remains in the NYCDOC's custody renders her particularly vulnerable to the risks of disclosure.  Although this factor is frequently invoked when a minor's privacy interests are involved, an analogy may be drawn in this context where Doe's autonomy is very much limited by the fact that the corrections department has her in its charge and controls her environment and movements.  See Doe v. Cuomo, 2013 WL 1213174, at *6 (N.D.N.Y. Feb. 25, 2013) (finding that the fourth factor weighed in the plaintiff's favor because disclosure of his identity would expose "Doe to a higher risk of harm if it is publicly known that he is a convicted sex offender who has filed a civil rights action challenging statutes relating to the limitations of his internet activity").

**Defendants Will Not Be Prejudiced If Plaintiffs Are Permitted To Proceed Anonymously (Sealed Plaintiff Factors Five And Six)**

In determining whether defendants will be prejudiced, courts assess the damage to a defendant's reputation caused by the anonymous proceedings, difficulties in conducting discovery, as well as the fundamental fairness of proceeding in this manner. See EW v. N.Y. Blood Ctr., 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (stating that in a lawsuit against a government defendant, "personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation"). Here, concerns about harm to the reputation of the City do not tip the scales in favor of defendants. See id. at 111 ("[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong . . . [in part because] the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant."). Neither do concerns about reputational harm to Figueroa. Allowing Plaintiff to proceed anonymously in this action will not increase the potential harm to Figueroa's reputation. See Doe v. Penzato, No. 10 Civ. 5154 (MEJ), 2011 WL 1833007, at *4 (N.D. Calif. May 13, 2011) (finding that there would be no prejudice to the defendants in granting the plaintiff's motion to proceed anonymously where "Defendants face public exposure regardless of whether [the plaintiff's] identity is made public, and the allegations against them would remain the same").

Further, since Plaintiff will make her identity known to the Court and Defendants, subject to a protective order, Defendants will not be prejudiced for the purposes of discovery. See EW, 213 F.R.D. at 112 (holding that where the defendant knew the plaintiff's real identity, there was no "prejudice to its ability to conduct discovery or try

6

the matter if [the] plaintiff were to proceed under a pseudonym"); see also Kolko, 242 F.R.D. at 198 (holding that where the defendants knew the plaintiff's true identity, "[o]ther than the need to make redactions and take measures not to disclose [it], [the] defendants will not be hampered or inconvenienced merely by [the] plaintiff's anonymity in court papers"); Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 687 (11th Cir. 2001) ("The only justification the defendants offer for stripping [the plaintiff] of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by [the plaintiff's] offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public.").

Therefore, permitting Plaintiff to proceed anonymously will have no adverse effect on Defendants' ability to litigate this case. If, during the course of the litigation, Defendants are able to show prejudice, the Court can revisit the issue at an appropriate time. See Doe v. Cabrera, No. 14 Civ. 1005 (RBW), 2014 WL 4656610, at *7-8 (D.D.C. Sept. 10, 2014) (holding that it would not be unfair or prejudicial to the defendant if the plaintiff was permitted to proceed under a pseudonym for pretrial purposes but indicating that the court might revisit its decision if the case went to trial).

### The Public Interest Is Best Served By Permitting Doe To Proceed Anonymously (Sealed Plaintiff Factors Seven And Eight)

The public has a strong interest in the subject matter of Doe's complaint, but this is nevertheless a case in which the public interest weighs in favor of permitting Doe to proceed anonymously. As courts have recognized in similar circumstances, protecting Doe's identity will not impede the public's ability to follow the proceedings. See Doe v. Evans, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Relatedly, the release of Doe's identity

would not further the public's interest in this litigation.  See Cuomo, 2013 WL 1213174, at *7.  Moreover, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."  Kolko, 242 F.R.D. at 195.  This public interest is particularly strong where, as here, Doe—whose identity has not yet been revealed to the general public—alleges systemic and specific abuse facilitated by a government entity and its officials.

## In The Alternative, The Record In This Matter Should Be Sealed

In the alternative, the Court should seal the record in this matter, including the Complaint, this motion, the sealing order and all further filings.  FRCP 5.2(d) permits parties to file documents under seal if they can demonstrate a "sufficiently compelling" interest in doing so, U.S. v. King, No. 10 Cr. 122 (JGK), 2012 WL 2196674 at *2 (S.D.N.Y. June 15, 2012), such as the privacy of the litigant moving to seal the documents, U.S. v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (stating that courts must weigh "the privacy interests of those resisting disclosure").  As Doe discussed above in her analysis of the Sealed Plaintiff factors, she has a significant and compelling privacy interest in keeping her identity from being disclosed to the general public which outweighs the presumption of openness in judicial proceedings.  Because revealing Doe's identity could subject her to additional retaliation, and would publicly and inextricable associate her with the details of her abuse, Doe respectfully requests that, if she is not permitted to proceed anonymously, the Court seal this matter.

## CONCLUSION

For the foregoing reasons, Doe respectfully requests that the Court permit her to proceed anonymously by means of the pseudonym Jane Doe in the caption of this motion. In the alternative, Doe respectfully requests that the Court seal this case.

Dated:	New York, New York
	January 4, 2015

>						/s						
						Rob Marinelli
						305 Broadway, 9th Floor
						New York, New York 10007
						(212) 822-1427

						*Attorney for Plaintiff*