

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 6, 2016

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:  <u>Jane Doe v. City of New York, et. al.</u>, 15 Civ. 9137 (JGK)

Your Honor:

        I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. Plaintiff alleges that her constitutional rights were violated by defendants herein when she was allegedly raped on a transport bus while incarcerated at Riker's Island. Defendant City of New York respectfully requests that this matter be stayed for a period of 60 days to allow the DOC Investigations Division investigation of the subject incident to be completed. Plaintiff consents to the requested stay.

        Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. <u>See</u> <u>United States v. Kordel</u>, 397 U.S. 1, 12 n.27 (1970); <u>Kashi v. Gratsos</u>, 790 F.2d 1050, 1057 (2d Cir. 1986); <u>Volmar Distributors, Inc. v. The New York Post Co., Inc.</u>, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding. <u>See</u>, <u>e.g.</u>, <u>Kashi v. Gratsos</u>, 790F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted).

        There are several reasons for the requested stay. First, the requested stay may allow this Office to make representational decisions as to the individually named defendants upon proper service. "Pursuant to section 50-k of the New York General Municipal Law, the

Office of the Corporation Counsel may represent individual defendants in matters if it is determined that they were acting within the scope of their public employment and have not violated any rule or regulation of the employing City agency." Behar v. City of New York, 98 Civ. 2635 (HB), 1999 U.S. Dist. LEXIS 5207, at *9 (S.D.N.Y. 1999) (citing N.Y. Gen. Mun. Law § 50-k(2) (McKinney 1986)). Section 50-k(5) also expressly provides that when the City employee's conduct that is the subject of the lawsuit is also the subject of a disciplinary proceeding, "representation by the Corporation Counsel . . . may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission." Behar, 1999 U.S. Dist. LEXIS at *9 (quoting N.Y. Gen. Mun. Law § 50-k(5)).

While the DOC Investigations Division investigation is ongoing, this Office is unable to properly determine whether we may represent the individual defendants, interview them or even obtain any documents concerning the subject incident. Should this Office take on their representation at this time, there may be conflicts later on should charges be substantiated. In the event that separate counsel undertakes representation of the individual defendants at this time, this matter may later be subject to delays in the event that this Office eventually determines that it may represent the individual defendants once the Investigations Division investigation is complete. Thus, in the interest of judicial economy and efficiency, defendant City requests the herein stay, to which plaintiff consents, as the outcome of the DOC Investigations Division investigation may influence the City's representational decisions in this matter.

Second, as seen, a stay is further warranted pending the resolution of the DOC Investigations Division investigation because until that investigation is completed, the parties will not have access to discoverable information that is vital to the progress of this litigation. Specifically, the law enforcement privilege prevents disclosure of a pending investigation in order to, among other things, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Nat'l Congress for Puerto Rican Rights v. The City of New York, et al., 194 F.R.D. 88, 93 (S.D.N.Y. 2000) (*citing* In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1988)). Similarly, the Investigations Division file is protected from discovery by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both predecisional and deliberative) (internal citations and quotations omitted). Thus, until the DOC Investigations Division investigation is complete, the parties will not have access to the basic documents necessary to litigate this case.

I have consulted with counsel in the Legal Division of DOC, and it is expected that the above referenced investigation will be completed within 60 days, thus it is expected that the requested stay will not delay the case substantially. It is further respectfully requested that the time for properly served defendants to respond to the complaint be extended until 21 days after the stay ends. Finally, it is respectfully requested that the Initial Conference scheduled for

January 26, 2016, be adjourned until the stay is lifted and counsel have appeared for the individual defendants.

With respect to plaintiff's motion to proceed anonymously at Docket 12-13, defendant City does not object to said request at the present time, without prejudice to apply to the Court at a later date with respect to said issue as events develop in the case.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Mark D. Zuckerman
Senior Counsel

cc: Robert J. Marinelli, Esq. (via ECF)