**ROBERT MARINELLI**
ATTORNEY
305 BROADWAY, 10TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

June 17, 2016

**VIA ECF**
Hon. John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201

    Re:    *Doe v. City of New York, et al.*, 15-CV-9137 (NG) (VVP)

Your Honor:

    I represent Plaintiff in the above-referenced action. Pursuant to Your Honor's Individual Practices and Local Rule 37.2, I write to request a conference to discuss the defendants' failure to provide Initial Disclosures ("Disclosures") pursuant to Rule 26(a)(1)(ii). After numerous attempts to resolve this issue, the Parties agree that Court intervention is necessary.

    It has been seven months since the commencement of this action and almost a month since the Initial Conference and Defendants have yet to provide a single document. These documents are needed to allow Plaintiff to serve meaningful discovery requests upon Defendants. The City's adjournments and delays are unnecessarily delaying this action.

    **Case Background**

    On November 20, 2015 Plaintiff filed this action alleging that an employee of the New York City Department of Corrections (DOC) sexually assaulted her. On December 7, 2015, Plaintiff consented to a sixty-day extension of time for Defendants to file an answer. On January 7, 2016, with Plaintiff's consent, this matter was stayed to provide DOC additional time to investigate Plaintiff's claims. On March 3, 2016, again with Plaintiff's consent, Your Honor granted Defendants' request to stay this matter for thirty additional days.

**Defendant's Initial Disclosures**

At an Initial Conference on May 19, 2016, Defendants promised that Disclosures were forthcoming. On June 2, 2016, Defendants served Plaintiff with Disclosures only, but no documents from DOC or any other source. In an email that same day, Defendants stated that they would "attempt" to provide the documents the following week as these documents were "voluminous." Defendants refused Plaintiff's offer to receive these documents digitally as they contained "hard copies and audio, etc."

On June 9, 2016, Plaintiff asked Defendants to provide her with a date certain by which Defendants would provide Disclosures. Again claiming that the delay was caused by the "voluminous materials," Defendants promised production on June 15, 2016.

**The Instant Dispute**

On the afternoon of June 15, 2016, Defendants insisted that Plaintiff sign a Protective Order before Defendants would serve documents to supplement Disclosures. Although Plaintiff was agreeable to keep confidential information such as Defendants' personal information, disciplinary histories and non-public information concerning DOC's facilities and procedures, Defendants insisted that Plaintiff agree to keep something called an "ID Investigation File" confidential as well. Plaintiff, unaware of what the aforementioned file contained, could not blindly agree to an Order protecting its confidentiality.[1]

In an effort to move this matter forward, Plaintiff offered to keep all documents confidential until such time as the Parties could reach an agreement over a document-specific dispute. Defendants' refused this offer.

Plaintiff respectfully requests that the Court compel Defendants to provide appropriate disclosures. Plaintiff agrees to keep all disclosures confidential until the issue of a confidentiality stipulation is settled.

---

[1] Defendants vaguely described this file's contents as an investigation into Plaintiff's allegations. Insofar as such a file would likely contain non-confidential fact material, Plaintiff refused to agree to giving the file a blanket designation as "confidential."

-3-

                                              Yours truly,

                                              /ss/

                                              Robert Marinelli

cc:  ACC Marc Zuckerman
      NYC Law Department