**ROBERT MARINELLI**
ATTORNEY AT LAW
305 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

July 19, 2017

**BY ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Doe v. City of New York, et al.*, 15-CV-9137 (JGK)

Your Honor:

      I am the attorney for Plaintiff in the above-referenced action. In this action, Plaintiff alleges that she was raped by a Correction Officer while incarcerated at Rikers Island. I write to request a stay in discovery pending the completion of a forensic examination of the clothing plaintiff wore on the day of the incident.  To date, the parties have exchanged paper discovery and taken the deposition of the plaintiff. Depositions of the two defendants, and at least four witnesses, remain.  Defendants consent to this request.  Discovery is presently scheduled to close on July 31, 2017.

      Plaintiff's clothing has been tested by the New York City Office of the Chief Medical Examiner ("OCME"). Plaintiff contends that although there were multiple locations on the clothing that indicated semen could be present, OCME tested a subset of these locations, not others, and concluded that there was no semen with respect to the ones targeted.  In reviewing the lab reports, plaintiff has concerns about OCME's protocols and its methodology and wishes to have what plaintiff contends to be a more comprehensive examination performed by a separate facility.

      The parties have conferred and agreed that plaintiff can have the clothing retested at the Bode Cellmark Forensic Laboratory. ("Bode") Bode estimates that they can provide test results within roughly 60 days.  Allowing discovery to be stayed for this time period will permit plaintiff to obtain those results before deposing defendants.  This is an efficient approach in that depending on the results, certain defendant depositions may not be necessary.  As for the examination of other defendants, Bode's results will shape the examinations differently than if those proceedings occur first.  Moreover, plaintiff contends that the results could provide dispositive evidence.

      In summary, I write to request a stay in discovery pending the completion of forensic testing of plaintiff's clothing.  Discovery is scheduled to close on July 31, 2017 and defendants consent to this request.  In terms of setting a date for the stay to be lifted, and then a new deadline for the close of discovery, I propose that the court set a control date for a status report of September 15, 2017, at which time I will have more information to guide the approach to scheduling.

Respectfully,

/s/

Robert Marinelli